

United States District Court

For the District of Wyoming

| | |
|---|---|
| CLOUD PEAK ENERGY, INC., *et al.* <br><br> Petitioners, <br><br> vs. <br><br> UNITED STATES DEPARTMENT OF INTERIOR, *et al.* <br><br> Respondents, <br><br> STATE OF CALIFORNIA, and STATE OF NEW MEXICO, <br><br> Respondent Intervenors, <br><br> NATURAL RESOURCES DEFENSE COUNCIL; NORTHERN PLAINS RESOURCE COUNCIL; POWDER RIVER BASIN RESOURCE COUNCIL; THE WILDERNESS SOCIETY; and WESTERN ORGANIZATION OF RESOURCE COUNCILS, <br><br> Respondent-Intervenors. | Civil No. 19-CV120-S, 19-CV-121-S, and 19-CV-126-S |

**ORDER GRANTING THE NATURAL RESOURCES DEFENSE COUNCIL, NORTHERN PLAINS RESOURCE COUNCIL, POWDER RIVER BASIN RESOURCE COUNCIL, THE WILDERNESS SOCIETY, AND WESTERN ORGANIZATION OF RESOURCE COUNCILS' MOTION TO INTERVENE AS RESPONDENTS [DOC. 28]**

This case is before the Court on the Natural Resources Defense Council, Northern Plains Resource Council, Powder River Basin Resource Council, The Wilderness Society, and Western Organization of Resource Councils' (collectively, Conservation Groups)

Motion to Intervene as Respondents [Doc. 28]. These organizations seek to intervene as a matter of right or permissively under Rule 24 of the Federal Rules of Civil Procedure. The Court finds the Conservation Groups meet the required criteria for permissive intervention because they have a sufficient claim or defense that shares a common question of law or fact with the underlying action.

## BACKGROUND

This case is before the Court on three consolidated cases wherein Petitioners' challenge the Office of Natural Resources Revenue's ("ONRR") July 1, 2016, Valuation Rule that determines how companies account for and report their revenues from oil, gas, and coal leases on public lands. On August 8, 2019, the State of California and State of New Mexico were granted permission to intervene as Respondents.

In the instant Motion, the Conservation Groups seek to intervene, as respondents, both as a matter of right and permissively. The Conservation Groups argue they meet the necessary requirements to intervene as a matter of right claiming: the Motion is timely; that they have a significant interest in the Valuation Rule; that the disposition of the case may impair their interests; and that their interests are not adequately represented by the existing parties. In the alternative, the Conservation Groups assert they have a claim or defense that shares a common question of law or fact with the underlying actions, and therefore, should be allowed to intervene permissively. The United States opposes the Conservation Groups Motion to Intervene both as a matter of right and permissively.

**RELEVANT LAW**

Rule 24(a) of the Federal Rules of Civil Procedure sets forth the criteria for intervention as a matter of right. The rule permits intervention as a matter of right on a timely motion to anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a)(2). Thus, a movant may intervene as a matter of right if: (l) the motion is timely; (2) they share an interest relating to the property or transaction which is the subject of the action; (3) that interest may be impaired or impeded; and (4) the interest is not adequately represented by existing parties. *Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005); *Okla. ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1231 (10th Cir. 2010).

Federal Rule of Civil Procedure 24(b) governs permissive intervention and states a party may, on timely motion, intervene when it "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). The court must also consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b). Whether to grant permissive intervention lies within the discretion of the district court. *City of Stilwell v. Ozarks Rural Elec. Coop.*, 79 F.3d 1038, 1043 (10th Cir. 1996). In considering whether to grant intervention under Rule 24, the Tenth Circuit follows "a somewhat liberal line". *Utah Ass;n of Ctys. v. Clinton*, 255

F.3d 1246, 1249 (10th Cir. 2001).

### RULING OF THE COURT

The Conservation Groups seek to intervene both as a matter of right and permissively. Rule 24 of the Federal Rules of Civil Procedure sets forth the criteria for intervention as a matter of right and for permissive intervention. Rule 24(b) governs permissive intervention and states a party may, on timely motion, intervene when it "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). The Tenth Circuit has developed a somewhat liberal stance in allowing intervention, and whether to grant permissive intervention lies within the discretion of the district court. *Utah Assoc. of Counties v. Clinton,* 255 F.3d 1246, 1249 (10th Cir. 2001); *City of Stilwell v. Ozarks Rural Elec. Coop.*, 79 F.3d 1038, 1043 (10th Cir. 1996). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3).

The Court finds the Conservation Groups meet the necessary requirements imposed by Rule 24(b) of the Federal Rules of Civil Procedure for permissive intervention.

First, the Motion is timely. "The timeliness of a motion to intervene is determined 'in light of all of the circumstances.'" *Tyson Foods, Inc.*, 619 F.3d at 1232. There are a number of factors to consider including, "the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances." *Utah Ass'n of Ctys*, 255 F.3d at 1250. The underlying actions are in their infancy and the Motion was brought without undue delay. The Petition for Review was filed on June 6, 2019, and the Conservation Groups filed the instant

Motion to Intervene a little over a month later on July 19, 2019. Further, while the United States opposes the request to intervene, it does not question the timing of the Motion.

Next, the Court must determine whether the Conservation Groups have a claim or defense that shares a common question of law and fact with the underlying action. The United States argues the Valuation Rule is solely an accounting rule with no environmental impacts, and that the Conservation Groups' interest as taxpayers is not sufficient to constitute a claim or defense that shares a common question of law or fact with the underlying actions. The Court, however, finds the Conservation Groups sufficiently share common questions of law or fact with the present underlying action. The Conservation Groups "need not have a direct personal or pecuniary interest in the subject of the litigation" for permissive intervention. *San Juan Cty., Utah v. United States*, 503 F.3d 1163, 1207 (110th Cir. 2007), abrogated by W. Energy All. v. Zinke, 877 F.3d 1157 (10th Cir. 2017). And Rule 24(b) does not require the Conservation Groups to "assert a separate or additional claim or defense." *Kane County, Utah v. United States*, 597 F.3d 1129, 1136 (10th Cir. 2010).

The Conservation Groups argue their interest in preserving access to land, clean air, clean water, and ensuring fair royalties are paid supports the proposed intervention. The Conservation Groups have a great deal of experience and expertise on environmental and public-health issues. And while the United States makes a valid argument that the Valuation Rule does not have any so called on-the-grounds impacts, the royalties generated by the Valuation Rule indirectly impact the extraction of coal, oil, and gas from public lands. As argued by the Conservation

Groups, the royalties generated by the Valuation Rule have an impact on revenue for programs that benefit the Conservation Groups members, who are then able to use that revenue to protect natural resources.

The Conservation Groups also contend, and it appears likely, they can contribute a different and valuable perspective in addressing the same questions of law as those in the underlying challenges to the Valuation Rule.  The Conservation Groups have been involved in the Valuation Rule's promulgation and litigation and have spent years advocating for and defending valuation reforms.  Their involvement includes offering detailed public comment, organizing support, holding meetings with officials, and successfully intervening in previous litigation regarding the Valuation Rule at issue here.  The Conservation Groups have asserted a sufficient claim or defense that shares a common question of law or fact with the underlying action.  Specifically, the Conservation Groups will address the same question of law as the existing parties as to whether Valuation Rule was promulgated in compliance with the Administrative Procedures Act and its governing statutes.

Lastly, allowing the Conservation Groups to intervene will not unduly delay or prejudice the adjudication of the original parties' rights.  Even though the cases are set for a preliminary injunction hearing shortly, the cases are still in the early stages and the Conservation Groups intervention into the case will not delay or prejudice any of the original or other intervenors abilities to fully litigate these cases.

## CONCLUSION

Whether to grant permissive intervention lies within the discretion of the district court. *Ozarks Rural Elec. Coop.*, 79 F.3d at 1043.  "In exercising its discretion, the court

must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b). The Conservation Groups meet the elements for permissive intervention. Therefore, the Motion to Intervene is granted. However, "[d]iscretion under Rule 24(b) to grant or deny intervention *in toto* necessarily implies the power to condition intervention upon certain particulars." *Southern v. Plumb Tools, A Div. Of O'Ames Corp.*, 696 F.2d 1321, 1322 (11th Cir. 1983); *see also* 7 A.C. Wright & A. Miller, Federal Practice and Procedure § 1922 (3d ed. 2013). In order to limit excessive briefing or the excessive development of tangential legal issues, the Conservation Groups consisting of the Natural Resources Defense Council, Northern Plains Resource Council, Powder River Basin Resource Council, The Wilderness Society, and Western Organization of Resource Council shall file all motions and responsive filings jointly, and in compliance with all applicable local and federal rules and page limitations. Further, the Conservation Groups shall limit their arguments to the claims and issues raised in the consolidated cases and shall not make duplicative arguments. Additionally, the Court will consider the Conservation Groups Proposed Opposition to the Motion for Preliminary Injunction [Doc. 57] as the official Opposition, no additional filing is necessary.

NOW, THEREFORE, IT IS ORDERED the Natural Resources Defense Council, Northern Plains Resource Council, Powder River Basin Resource Council, The Wilderness Society, and Western Organization of Resource Councils' Motion to Intervene as Respondents [Doc. 28] is GRANTED.

Dated this 3rd day of September, 2019.

_____
Kelly H. Rankin
United States Magistrate Judge